UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARCOS JOSE BARBOSA
VALLENILLA,

                *Petitioner*,

v.

                Case No. 3:26-cv-144-JEP-PDB

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

                *Respondents*.

_____/

## ORDER

Petitioner initiated this action *pro se* by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), alleging his continued detention by the United States Immigration and Customs Enforcement violates *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), which sets a presumptively reasonable period of six months in which to detain an alien pending deportation. Before the Court is an emergency motion for temporary stay of removal filed by Petitioner's wife, Osmary C. Pirela Simancas, as his "next friend" (Doc. 3). In the motion, an accompanying notice (Doc. 4), and a supporting declaration (Doc. 4-1), Petitioner's wife explains that Petitioner was transferred overnight from Baker County Detention Center to a facility in Texas, which is "commonly used for removal staging." *See* Doc. 3 ¶ 2; Doc. 4 ¶

1; Doc. 4-1 ¶ 2. She asserts that Petitioner was "granted deferral of removal under Article III of the Convention Against Torture [("CAT")], which categorically prohibits his removal to Venezuela, where an Immigration Judge found he faces a likelihood of torture based on political reasons." Doc. 3 ¶ 1.[1] She further asserts Petitioner "has not consented to removal to Mexico or any third country." Doc. 4 ¶ 2. She does not allege or demonstrate that she knows when, where, or whether Petitioner will be deported.

Accepting for purposes of this motion that Petitioner's wife can appear as his "next friend," the Court cannot grant the relief she seeks. As a preliminary matter, the motion is facially insufficient in that it does not comply with this Court's Local Rules. *See* M.D. Fla. R. 6.01, 6.02 (providing that a motion for temporary restraining order or preliminary injunction must include a supporting memorandum of law, among other things).[2]

The motion fails on the merits as well. Injunctive relief "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir.

---

[1] With his petition, Petitioner filed a (difficult to read) copy of the immigration judge's order granting his motion for deferral of removal under the CAT. Doc. 1-1 at 13.

[2] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b); *see also* M.D. Fla. R. 6.01, 6.02.

2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). A *Zadvydas* claim requires an alien to "show post-removal order detention in excess of six months [and] . . . evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

To the extent Petitioner will be imminently deported to a country other than Venezuela, Petitioner would be unable to establish that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Petitioner's wife's fear that the Government would violate the order prohibiting Petitioner's removal to Venezuela is speculative, and the relevant regulations provide that a deferral of removal order is country-specific and does not "prevent the Service from removing an alien to a third country other than the country to which removal has been . . . deferred." *See* 8 C.F.R. §§ 1208.16(f), 1208.17(a), 1208.22. *See also Johnson v. Guzman Chavez*, 594 U.S. 523, 537

3

(2021) ("[A]s the 'regulations make clear,' a grant of withholding 'does not prevent the DHS from removing an alien to a country other than the one to which removal has been withheld.'"). Finally, from the face of the petition, it appears Petitioner may not be able to satisfy the other *Zadvydas* element—detention in excess of six months—because he says he was re-detained on November 24, 2025, and he filed the action two months later. *See* Doc. 1 at 2, 6.

Because the movant has not established a likelihood of success on the merits of the underlying claim, the emergency motion (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on February 11, 2026.

 

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Marcos Jose Barbosa Vallenilla, #A078409321
Osmary C. Pirela Simancas